IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07-CR-164-MHT |
| | ) | |
| LEZEL RICH | ) | |
| a.k.a. "Pee-Wee" | | |

## PLEA AGREEMENT

DEFENSE COUNSEL:         Pate DeBardeleben

ASSISTANT U.S. ATTORNEY:    Jerusha T. Adams

### COUNTS AND STATUTES CHARGED

Count 1:    21 U.S.C. § 841(a)(1)
            Distribution of a Controlled Substance– Cocaine Base

Count 2:    21 U.S.C. § 841(a)(1)
            Possession with Intent to Distribute a Controlled Substance– Marijuana and Cocaine Base

Count 3:    18 U.S.C. § 924(c)
            Possession of a Firearm In Furtherance of a Drug Trafficking Crime

Count 4:    18 U.S.C. § 922(g)
            Convicted Felon in Possession of a Firearm

### COUNTS PLEADING PURSUANT TO PLEA AGREEMENT

Count 1:    21 U.S.C. § 841(a)(1)

Count 2:    21 U.S.C. § 841(a)(1)

Count 3:    18 U.S.C. § 924(c)

## STATUTORY MAXIMUM PENALTIES

Counts 1, 2:   21 U.S.C. § 841(a)(1)

A term of imprisonment of not more than twenty years, and a fine of not more than $1,000,000, or both; a term of supervised release of not less than three years; an assessment fee of $100; and an order of restitution.

Count 3:   18 U.S.C. § 924(c)

A term of imprisonment of not less than five years to run consecutive with any other term of imprisonment, and a fine of not more than $250,000, or both; no probation; an assessment fee of $100; and an order of restitution.

## ELEMENTS OF THE OFFENSES

Count 1:   21 U.S.C. § 841(a)(1) – Cocaine Base

That the defendant knowingly and intentionally distributed cocaine base ("crack") as charged in the indictment.

Count 2:   21 U.S.C. § 841(a)(1) – Marijuana and Cocaine Base

First:   That the defendant knowingly and intentionally possessed marijuana and cocaine base ("crack") as charged in the indictment; and
Second:   That the defendant possessed the marijuana and cocaine base ("crack") with the intent to distribute it.

"Possession with intent to distribute" is defined as possession with intent to deliver or transfer possession, with or without any financial interest in the transaction.

Count 3:   18 U.S.C. § 924(c)

First:   That the defendant committed a drug trafficking crime;
Second:   That the defendant possessed a firearm in furtherance of the commission of the drug trafficking crime; and
Third:   That the defendant acted knowingly and willfully.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Jerusha T. Adams, Assistant United States Attorney, and Pate DeBardeleben, attorney for the defendant, pursuant to Fed. R. Crim. P. 11(c)(1)(B), have, with the authorization of the undersigned

-2-

defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties in the following respects. The plea is being submitted to the Court pursuant to Fed. R. Crim. P. 11(c)(1)(B), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will not be allowed to withdraw the defendant's plea of guilty and will not proceed to trial. The parties further understand that, if at any time, the defendant breaches this agreement, his guilty plea may not be withdrawn.

## GOVERNMENT'S PROVISIONS

1.  Upon entering a plea of guilty by the defendant to the offenses charged in Count 1, Count 2, and Count 3 of the Indictment, the attorney for the United States will do the following:

    a.  The United States will agree that a 2-level decrease in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as between the date of this agreement and the date of sentencing, the defendant does not obstruct justice, commit any new federal or state offense, or otherwise fail to accept responsibility for the offense conduct.

    b.  The United States will agree, pursuant to Fed. R. Crim. P. 11(c)(1)(B), not to oppose the defendant's request that a sentence at the lowest end of the applicable advisory Guideline Range, as determined by the Court at sentencing, is appropriate.

    c.  The United States will agree to dismiss Count 4 of the indictment at sentencing.

    d.  The United States will agree to file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and Title 18, United States Code, Section 3553(e) at sentencing,

should the defendant complete the defendant's obligations contained within the Cooperation Agreement as set forth herein. In that motion, the Government will recommend a downward departure of at least one (1) level. Determination of whether the defendant has met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 5K1.1 and Title 18, United States Code, Section 3553(e) is at the sole discretion of the United States. The failure of the Court to grant the motion or to sentence the defendant as recommended by the United States shall not provide the defendant with a basis to withdraw his plea.

   e. The United States will agree to file a further motion for downward departure under Federal Rule of Criminal Procedure 35 if the defendant provides substantial assistance to the United States in any future case. The defendant understands and agrees that the Office of the United States Attorney for the Middle District of Alabama will have the sole discretion to determine if the defendant has provided substantial assistance and when to file such motion.

  2. The United States makes no representation regarding the defendant's criminal history category which will be determined solely by the United States Probation Office.

  3. The United States reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## **DEFENDANT'S PROVISIONS**

  4. The defendant agrees with paragraphs 1 through 3 of the United States' provisions and further agrees to the following:

   a. To plead guilty to Count 1, Count 2, and Count 3 of the Indictment.

  b. To forfeit to the United States: (i) any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses described in Count 1 and Count 2 of the Indictment; (ii) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses described Count 1 and Count 2 of the Indictment; and (iii) all firearms and ammunition involved in the commission of the offenses described in Count 3 and Count 4 of the Indictment.

  c. To not commit state, federal, or local crimes.

  d. To cooperate with the United States as set forth in the Cooperation Agreement below.

  e. To waive appeal and collateral attack as detailed below.

## **COOPERATION AGREEMENT**

5. The defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom the defendant may have knowledge at the grand jury, trial, or whenever called upon to do so. The defendant understands that this agreement requires the defendant to be truthful and to testify truthfully whenever called upon. The defendant agrees to be available, if required, for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the United States upon reasonable request and to fully and truthfully respond to all questions asked of the defendant by law enforcement officers and attorneys for the United States.

6. The defendant agrees to fully and truthfully disclose to the United States everything the defendant knows about any and all documents and materials in the defendant's possession that relate to the violations charged in this Indictment and any other criminal violations in the Middle District of Alabama and elsewhere. The defendant agrees to submit to a polygraph examination

conducted by the United States if requested to do so.

7. Provided that the defendant satisfies the terms of this Plea Agreement, any information that the defendant truthfully discloses to the United States during the course of the defendant's cooperation, concerning related offenses, will not be used against the defendant, directly or indirectly. The defendant understands that this agreement does not bar the defendant's prosecution for capital felonies, perjury, false statements, and/or obstruction of justice.

8. If the defendant has failed or should fail in any way to fulfill completely the defendant's obligations under this agreement, then the United States will be released from its commitment to honor all of its obligations to the defendant. Thus, if at any time the defendant should knowingly and willfully withhold evidence from, or is found to have provided false information to, the United States' investigators or attorneys prior to or during the defendant's testimony before grand juries or in trials, or fails to return to the Middle District of Alabama for any scheduled court appearance or any scheduled meeting with law enforcement agents in the Middle District of Alabama, then the United States will be free: (a) to prosecute the defendant for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. §§ 1621, 1623, 1001, 1503); (b) to prosecute the defendant for all violations of federal criminal law which the defendant has committed; (c) to use against the defendant in all of those prosecutions and sentencings the information and documents that the defendant has disclosed or furnished to the United States during the course of the defendant's cooperation; (d) to recommend a maximum sentence; (e) to seek forfeiture of any and all forfeitable properties of the defendant; (f) to seek forfeiture of any appearance bond made by the defendant if the defendant fails to appear in the Middle District of Alabama for any scheduled court appearance or any scheduled meeting with law enforcement agents;

and (g) to prosecute the defendant for the defendant's failure to appear at any scheduled court appearance, pursuant to 18 U.S.C. § 1073 or any other applicable state or federal criminal statute. The parties agree that the United States will have the sole discretion to decide whether the defendant has breached this agreement.

## FACTUAL BASIS

9.  The defendant admits the allegations charged in Count 1 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof that on or about February 22, 2007, in the Middle District of Alabama, the defendant did knowingly and intentionally distribute a mixture or substance containing cocaine base, which is commonly referred to as "crack," to a confidential informant. The defendant stipulates that the substance was submitted to a laboratory for analysis and the laboratory results revealed that the substance contained .07 grams of cocaine base, a Schedule II Controlled Substance.

10. The defendant admits the allegations charged in Count 2 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof that on or about March 2, 2007, in the Middle District of Alabama, law enforcement executed a search warrant on the defendant's residence. During the execution of the search warrant, law enforcement recovered 32 individually-wrapped bags of marijuana and a small bag of cocaine base or "crack." The defendant stipulates that the drugs were sent to a laboratory for analysis and the laboratory results revealed that the bags of marijuana contained more than 36 grams of marijuana, a Schedule I Controlled Substance, and the small bag of cocaine base contained .11 grams of cocaine base, a Schedule II Controlled Substance. The defendant admits that he knowingly and intentionally possessed the cocaine base and marijuana with the intent to distribute said drugs.

11.   The defendant admits the allegations charged in Count 3 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof that on or about March 2, 2007, in the Middle District of Alabama, law enforcement executed a search warrant on the defendant's residence. During the execution of the search warrant, law enforcement recovered marijuana, cocaine base or "crack," and two firearms. The two firearms recovered were a loaded Smith & Wesson, .32 caliber revolver, model S&W Long, and a Sportarms, .22 caliber pistol. The defendant admits that he knowingly and willfully used and possessed said firearms in furtherance of the drug trafficking crime charged in Count 2 of the Indictment.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

12.   Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. The defendant specifically waives the right to appeal the sentence on the grounds that the sentencing guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the defendant, found by a jury, or found beyond a reasonable doubt. The defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel or prosecutorial misconduct, or to collaterally attack the sentence imposed on those grounds. But, other than those grounds, the defendant expressly waives the right to appeal or collaterally attack his conviction or sentence on any other ground.

13.     In return for the above waiver by the defendant, the United States does not waive its right to appeal the sentence imposed in the instant case. The United States does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

## APPLICATION OF SENTENCING GUIDELINES AND 18 U.S.C. § 3553(a)

14.     It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may or may not follow the recommendation set forth in the agreement, or defer its decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence and the sentencing guidelines, if any, applicable to defendant's case will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant understands that the Court is required to consider any applicable sentencing guidelines but may depart from these guidelines under some circumstances. Defendant acknowledges that defendant and defendant's attorney have discussed the sentencing guidelines and defendant understands how the guidelines are applicable to defendant's case. Defendant further understands that the Court will consider the factors enumerated in Title 18, United States Code, Section 3553(a), in imposing a sentence. Specifically, the Court will consider:

>   (1)     the nature and circumstances of the offense and the history and characteristics of the defendant;
>   (2)     the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to

     protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the sentencing guidelines;

(5) any pertinent policy statement – (A) issued by the Sentencing Commission subject to any amendments made to such policy statement by act of Congress; and (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553(a).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

15. The defendant, before entering a plea of guilty to Count 1, Count 2, and Count 3 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

  a. The discussions between the attorney for the United States and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

  b. Other than as provided for under Fed. R. Crim. P. 11(c)(1)(B), the defendant acknowledges that a breach of this Plea Agreement by the defendant, to include committing another federal, state, or local offense prior to sentencing on the pending charges, will not entitle him to withdraw his guilty plea in this case. The defendant understands and acknowledges that the defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

  c. The defendant further understands that pursuant to Title 18, United States Code, Section 3013, the $300.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing and submitting to the court or the United States any financial statements, the defendant is representing that the statement is true and accurate to the best of the defendant's information, knowledge, and belief.

  d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

  e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

  f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

g. The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the United States and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

i. The defendant further advises the Court that it is understood that the United States can only make a recommendation which is not binding on the respective Court.

j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

16.   The undersigned attorneys for the United States and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Fed. R. Crim. P. 11. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charges to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

17.   The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea if offered, as well as the defendant's criminal history. The offense level or criminal history category as calculated by the Probation Officer and determined by the court may differ from that projected by the defendant's counsel or the United States Attorney. In the event that the Court determines the defendant's offense level or criminal history category to be higher than the defendant anticipated, the defendant will have no right to withdraw the plea on

that basis.

    This 5th day of December, 2007.

                      Respectfully submitted,

                      LEURA GARRETT CANARY
                      UNITED STATES ATTORNEY

                      Louis V. Franklin, Sr.
                      Chief, Criminal Division
                      Post Office Box 197
                      Montgomery, Alabama 36101

                      Jerusha T. Adams
                      Assistant United States Attorney

-14-

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, <u>PATE DEBARDELEBEN</u>.

_____
Lezel Rich
Defendant

_____12-5-07_____
Date

_____
Pate DeBardeleben
Attorney for the Defendant

_____12-5-07_____
Date